**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EMILANO FIGUEROA,**  )<br>                                  )<br>        **Petitioner**,             )<br>                                  )<br>        v.                        )<br>                                  )<br>**UNITED STATES OF AMERICA,**     )<br>                                  )<br>        **Respondent.**            )<br>_____)  | **CV F 05-0567 AWI**<br>**(CR F 02- 5390-08 AWI)**<br><br>**ORDER DIRECTING**<br>**PETITIONER TO FILE**<br>**NOTICE OF INTENT TO**<br>**PROCEED AND LIMITED**<br>**WAIVER OF ATTORNEY-**<br>**CLIENT PRIVILEGE**<br><br>**(28 U.S.C. § 2255)** |

   Petitioner Emilano Figueroa ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 78 months that was imposed by this court on April 26, 2004, following petitioner's entry of a plea of guilty to one count of conspiracy to manufacture 1,000 or more marijuana plants in violation of 21 U.S.C. §§ 846 and 841(a)(1).  Judgment was entered on June 15, 2004.  On May 19, 2005, Petitioner timely filed a motion pursuant to section 2255 to correct, amend or vacate the sentence, primarily on the ground of ineffective assistance of counsel.  On June 14, 2007, Petitioner filed "Corrections" to his motion pursuant to section 2255.  On July 11, 2005, Petitioner filed a set of supplemental exhibits to support the claims set forth in his section 2255 motion.

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original).

The court has reviewed Petitioner's submissions and finds that additional briefing is necessary. Particularly, a responsive pleading by respondent United States ("Respondent") will be required which may, in turn, require Respondent to order the production of one or more statements by Petitioner's attorney (or attorneys) of record to determine facts pertinent to Petitioner's claim of ineffective assistance of counsel. The court finds it appropriate to inform Petitioner that in order for this case to proceed, Petitioner will be required to waive attorney-client privilege to the extent necessary to permit inquiry into Petitioner's claim of ineffective assistance of counsel.

The court also finds it appropriate to inform Petitioner that the only remedy available to Petitioner from his motion for habeas relief pursuant to section 2255 is the invalidation of Petitioner's plea of guilty. In the event Petitioner is successful in invalidating his plea of guilty, Petitioner is hereby informed that he will be required to proceed to trial on the charges originally set forth in the charging document in his case. Petitioner is further informed that if he is convicted after trial, he may be subject to a term of imprisonment that is substantially longer than his current term of 78 months.

Petitioner is hereby ORDERED to file with this court a short plain statement of his intent to proceed or to not proceed with his motion pursuant to section 2255 within 10 days of the date

of service of this order.  If Petitioner states his intent to proceed, Petitioner shall also state his acceptance of waiver of attorney-client privilege to the limited extent required obtain information from Petitioner's attorney or attorneys of record relevant to Petitioner's claim of ineffective assistance of counsel.

IT IS SO ORDERED.

Dated:     **February 22, 2007**                              **/s/ Anthony W. Ishii**
0m8i78                                                             UNITED STATES DISTRICT JUDGE

3